Adam B. Wolf (SBN 215914)
Peiffer Wolf Carr Kane & Conway, APLC
5042 Wilshire Blvd., No. 304
Los Angeles, CA 90036
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com

Catherine Cabalo (SBN 248198)
Peiffer Wolf Carr Kane & Conway, APLC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94104
Tel: (415) 766-3592
Fax: (415) 402-0058
ccabalo@peifferwolf.com

Attorneys for Plaintiffs and the Proposed Classes

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ABDUL NEVAREZ and PRISCILLA NEVAREZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HPT IHG-2 PROPERTIES TRUST dba STAYBRIDGE SUITES and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. Violation of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq.*);<br>2. Violation of California's Unruh Civil Rights Act (Cal. Civil Code §§ 51 *et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

COME NOW Plaintiffs Abdul Nevarez and Priscilla Nevarez (together, "Plaintiffs"), on behalf of themselves and all other similarly situated persons with mobility disabilities and their companions in this civil rights action, and hereby complain of defendant HPT IHG-2 Properties Trust dba Staybridge Suites ("IHG") as follows:

## I. INTRODUCTION

1. This is a civil rights action involving the lack of access for individuals with mobility disabilities to the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as "Staybridge Suites Anaheim – Resort Area," located at or about: 1855 South Manchester Avenue, Anaheim, California 92802 (hereinafter the "Hotel").

2. Plaintiff Abdul Nevarez is a person with a mobility disability who requires use of a wheelchair for locomotion. Mr. Nevarez travels regularly with his wife, Plaintiff Priscilla Nevarez, and they both utilize hotel accommodations when they travel. Plaintiffs would like to stay at the Hotel in the future, and they would stay at the Hotel if it complied with the legally required disability protections.

3. The configuration of the Hotel, its related facilities, and its booking/check-in procedures deny full and equal access to individuals with mobility disabilities, as required by Title III of the Americans with Disabilities Act of 1990 and California's Unruh Civil Rights Act ("Unruh Act"). As a result, Plaintiffs have been denied full and equal access during the two years preceding the filing of this Complaint, have been embarrassed and humiliated in the process, have been deterred from visiting the Hotel in the intervening time, and have suffered damages.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq.*

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the attendant and related claims arising from the same facts brought under California law, including violations of the Unruh Act, California Civil Code §§ 51, 52.

6. This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiffs' causes of action arose in this District.

### III. PARTIES

8. At all times relevant to this Complaint, Plaintiff Abdul Nevarez is and has been a qualified "person with a disability" within the meaning of the ADA and the Unruh Act. Mr. Nevarez is an above-the-knee right leg amputee with significant nerve damage on the left side of his body. He requires use of a wheelchair for mobility. He also possesses a disabled parking placard and/or license plate issued by the State of California, entitling him to park in designated accessible and van-accessible parking spaces.

9. Plaintiff Priscilla Nevarez does not have a disability, but she assisted Mr. Nevarez and accompanied him at all times described in this Complaint. Priscilla and Abdul are married.

10. Mr. and Ms. Nevarez are residents of Antioch, California.

11. Upon information and belief, defendant IHG is organized under the laws of Maryland.

12. Defendant IHG is the owner, operator, lessor, and lessee, of the businesses, properties, facilities, and/or portions of the Hotel. Upon information and belief, IHG owns and operates the Hotel and the property on which the Hotel is built.

13. The true names or capacities, whether individual, corporate, associate, or otherwise of defendant Does 1-10 ("Does") are unknown to Plaintiffs, who therefore sue said Does by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named Does is in some manner legally responsible for the events and happenings herein referred to, which caused injury and damages to Plaintiffs as herein alleged. Plaintiffs pray leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

14. Plaintiffs are informed and believe, and on such information and belief allege, that at all times mentioned herein, IHG and Does (together "Defendants"), and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and

are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein. All actions alleged herein were done with the knowledge, consent, approval, and ratification of each of the Defendants herein, including their managing agents, owners, and representatives.

### IV. FACTUAL ALLEGATIONS

15. The Hotel and its facilities, including but not limited to its parking, exterior and interior paths of travel, public restrooms, interior lounge/seating areas, sundry shop, designated "accessible" rooms, pool/hot tub, outdoor lounge areas, and booking/check-in procedures, are each a "public accommodation" and part of a "business establishment," subject to the requirements of multiple categories of § 301(7) of the ADA (42 U.S.C. § 12181(7)) and of California Civil Code §§ 51 *et seq*.

16. On information and belief, the Hotel has, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting the facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq*., and as to alterations since January 26, 1993, to the disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of the Hotel's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

17. Defendants have engaged in a systemic policy and practice of discriminating against persons with mobility disabilities in violation of the ADA and the Unruh Act because they have failed and refused to provide full and equal access to the facilities, services, privileges, benefits, and advantages that they provide to nondisabled persons. Defendants knowingly and intentionally have denied persons with mobility disabilities the full and equal enjoyment of their businesses, services, privileges, advantages, and accommodations. Defendants have engaged in this discriminatory conduct despite the fact that Defendants' services, facilities, and business practices could easily be brought into compliance with the ADA and the Unruh Act, and despite the fact that Defendants are and have been fully aware that their conduct and business practices were causing harm to persons with mobility disabilities, including segregation and exclusion from the Hotel.

18. Defendants have denied persons with mobility disabilities full and equal access to their facilities and services. Defendants have violated the ADA's requirements regarding equal access by, *inter alia*, failing to make reasonable modifications in policy and practice. As alleged herein, Defendants have booked inaccessible rooms to persons with mobility disabilities, despite a disabled person's clear requests for accessible features in rooms, and then failed and refused to correct such errors in a prompt and courteous manner. Defendants could easily remedy all of the foregoing violations of federal and state disability nondiscrimination law but have refused to do so. The foregoing violations of the ADA and the Unruh Act are illustrated by the experiences of Plaintiffs, which are set forth in the paragraphs below.

19. Plaintiffs have visited the Hotel as paying customers in the last two years.

20. Mr. Nevarez encountered numerous barriers (both physical and intangible) that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges and accommodations offered at the Hotel. As a result, Ms. Nevarez was also denied full and equal access to the Hotel while accompanying Mr. Nevarez.

21. On December 28, 2018, Ms. Nevarez made a reservation for her and Mr. Nevarez to stay at the Hotel on January 5, 2019 after Supercross races that they intended to watch in Anaheim with their son that day. Ms. Nevarez made the reservation at the Hotel for an accessible room with a roll-in shower.

22. After a long day of travel to Anaheim, Plaintiffs checked into the Hotel on January 5, 2019, and went to their assigned room, Room 112. Mr. Nevarez experienced difficultly getting into the bathroom from the bedroom, because the way the door swung out did not allow him adequate maneuvering space to enter the bathroom. Ms. Nevarez had to be careful entering and exiting the bathroom to ensure she didn't hit Mr. Nevarez in his wheelchair with the bathroom door in the process.

23. While in the bathroom, Mr. Nevarez could not access the sink because the counter was too low and did not provide adequate knee space for him to roll under so he could get close enough to the sink. Additionally, the grab bars for the toilet were not configured properly, and Mr. Nevarez almost fell while attempting to use the grab bars to transfer from his wheelchair to the toilet.

24. Plaintiffs did not have time to address these issues with the Hotel's front desk, as they were tight on time to get to the Supercross races. Plaintiffs left the hotel to attend the Supercross races, got back later that evening exhausted, and went directly to bed.

25. The next morning, Mr. Nevarez was looking forward to a shower since he had not taken one since Friday morning when Plaintiffs had left their home in Northern California to start their trip that weekend. However, although the room's bathroom had a roll-in shower, there was no bench in the shower.

26. Ms. Nevarez called the Hotel's front desk and asked for a bench. A male employee who answered said he didn't know if the Hotel had a bench but that he would check and get back to them. Ms. Nevarez told the employee that Mr. Nevarez needed it as soon as possible in order to shower.

27. After approximately 20 minutes, the phone rang once, but the caller hung up before Plaintiffs could answer the phone. Plaintiffs waited a few more minutes before Ms. Nevarez called the front desk to follow up. A female employee, who identified herself as "Pam," answered the phone said that the Hotel did not have a shower bench because they lent the bench to the Holiday Inn next door and someone was using it at the time. Ms. Nevarez complained that she and Mr. Nevarez specifically made a reservation for an accessible room with a roll-in shower, but Mr. Nevarez is unable to use the shower because there is no bench. Pam told Ms. Nevarez that she could call the manager, Jared Tilman, to lodge a complaint the next day (Monday) because he was off that Sunday.

28. Frustrated, embarrassed, and extremely uncomfortable from being unable to shower, Mr. Nevarez was forced to wipe down with baby wipes before Plaintiffs had to check out of the Hotel and make their way back home. Almost an hour after Ms. Nevarez's last call with the Hotel's front desk, and after Mr. Nevarez had already dressed and Ms. Nevarez had gotten out of the shower, a Hotel employee knocked on Plaintiffs' door. Plaintiffs answered the door to find the employee had a shower bench with him. They told the employee it was too late – they needed to check out and Mr. Nevarez had already wiped down with baby wipes and dressed because he could not take a shower without the bench.

29. Plaintiffs left the room, Ms. Nevarez went to the front desk to check out, and Pam was there. Ms. Nevarez told Pam it is unacceptable that the Hotel did not have a shower bench for the roll-

in shower. Ms. Nevarez explained that she is very specific when reserving hotel rooms to make sure they are accessible for Mr. Nevarez and that it was very upsetting that the Hotel did not have a bench, rendering the shower inaccessible to Mr. Nevarez. Ms. Nevarez told Pam that she texted the manager, Mr. Tilman, but he had not responded. Pam suggested that Ms. Nevarez call Mr. Tilman on Monday and stapled his card to Plaintiffs' receipt.

30. Plaintiffs allege continuous and ongoing discrimination. They have been injured by being deterred from visiting the Hotel and incidents occurring after the filing of this Complaint to the time of final judgment. They could and would be guests at the hotel in the future but are deterred from reserving a room at the Hotel until it is fully compliant with the disability-access laws that are intended to protect Mr. Nevarez.

31. The barriers described above are only those that Plaintiffs encountered. They are presently unaware of all other barriers which may exist at the Hotel that relate to Mr. Nevarez's disabilities. Plaintiffs reserve their right to amend this Complaint, if necessary, once such additional barriers are identified, as it is their intention to have all barriers that exist at the Hotel and relate to Mr. Nevarez's disabilities removed to afford him and others like him full and equal access.

32. Plaintiffs' numerous complaints to Hotel employees were ignored. They allege that it would be a futile gesture to provide further notices of the violations relating to their visit and deterrence, which are certain to occur on a regular basis following the filing of this Complaint. Therefore, they will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

33. Defendants knew, or should have known, that these policies, elements, and areas of the Hotel rendered it inaccessible, and that these barriers and Defendants' policies regarding accessible features in rooms violate state and federal law, as well as interfere with or deny access to individuals with mobility disabilities. Moreover, Defendants have the financial resources to remove these barriers without much difficulty or expense, and to make the Hotel accessible to people with mobility disabilities. To date, however, Defendants refuse to remove those barriers or to provide full and equal access to the Hotel.

## V. CLASS ACTION ALLEGATIONS

34. The named Plaintiffs bring this action on behalf of themselves and all persons similarly situated and seeks class certification pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3) as set forth below.

35. **Class Definitions.** The three classes that Plaintiffs seek to represent are comprised of the following:

> A. **Injunctive Relief Class:** The first class of persons seeks declaratory and injunctive relief, and is defined as follows: All persons with mobility disabilities who use wheelchairs, scooters, or other mobility aids who attempt to book purportedly accessible accommodations at the Hotel and who will be denied equal access to the Hotel's facilities, services, accessible rooms, parking, paths of travel, amenities, and/or privileges.
>
> B. **Companion Injunctive Relief Class:** A second class of persons seeks declaratory and injunctive relief, and is defined as follows: All persons who are companions of persons with mobility disabilities who use wheelchairs, scooters, or other mobility aids who will stay at the Hotel with their disabled companion in purportedly accessible accommodations.
>
> C. **Damages Class:** A third class of persons seeks statutory damages under the Unruh Act and is defined as follows: All persons with mobility disabilities who use wheelchairs, scooters, or other mobility aids who have booked, attempted to book, or for whom third parties booked purportedly accessible accommodations at the Hotel and who were/will be denied equal access to the Hotel's facilities, services, accessible rooms, parking, amenities, and/or privileges during the two years prior to the filing of the Complaint herein through the conclusion of this action.

36. Excluded from the above-referenced class definitions are the officers, directors, and employees of Defendants and any of Defendants' shareholders or other persons who hold a financial interest in Defendants. Also excluded is any judge assigned to hear this case (or any spouse or family member of any assigned judge), or any juror selected to hear this case.

37. This action is brought as a class action and may properly be so maintained pursuant to Federal Rule of Civil Procedure 23 and applicable case law. In addition to declaratory and injunctive relief, this action seeks classwide damages pursuant to California Civil Code § 52(a) in the amount of $4,000 per class member (per incident) based on Defendants' unlawful conduct as alleged herein.

38. **Impracticability of Joinder (Numerosity of the Class).** The members of the proposed classes are so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action is a benefit both to the parties and to this Court. On information and belief, the number of persons in this case exceeds 100 persons. The number of persons in the class and their identities and addresses may be ascertained from Defendants' records.

39. **Questions of Fact and Law Common to the Class.** All members of the classes have been and continue to be denied their civil rights to full and equal access to, and use and enjoyment of, the services and facilities operated by Defendants because of the violations of disability nondiscrimination laws alleged herein. There are numerous questions of law and fact common to the class, including, but not limited to, the following:

   A. Whether Defendants are the owners, operators, lessees, or lessors of a public accommodation within the meaning of Title III of the ADA;
   B. Whether Defendants are business establishments within the meaning of the Unruh Act;
   C. Whether Defendants constructed and/or altered the Hotel and/or its related facilities and parking facilities after January 26, 1993;
   D. Whether Defendants altered the Hotel and/or its related facilities and parking facilities after March 15, 2012;
   E. Whether the Hotel, its parking facilities, and other facilities comply with the Americans with Disabilities Act Accessibility Guidelines of 1991;
   F. Whether the Hotel, its parking facilities, and other facilities comply with the 2010 ADA Standards for Accessible Design;
   G. Whether the Hotel, its parking facilities, and other facilities comply with the relevant iteration(s) of the California Building Code as it pertains to disabled

access;

H. Whether Defendants provide persons with mobility disabilities with an equal opportunity to book accessible rooms of all types and at all price levels;

I. Whether Defendants have made reasonable modifications in their policies and practices to ensure that persons with mobility disabilities have full and equal access to, and enjoyment of, the Hotel, its parking facilities, and other facilities;

J. Whether Defendants have violated and are violating the ADA and California Civil Code § 51, *et seq.*, by failing to provide rooms that grant full and equal access to people with mobility disabilities;

K. Whether Defendants, by their actions and omissions alleged herein, have engaged in a pattern and practice of discriminating against Mr. Nevarez and other persons with mobility disabilities in violation of applicable state and federal disability civil rights laws;

L. Whether Plaintiffs and the members of the putative class are entitled to declaratory and/or injunctive relief, and the nature of such relief; and

M. Whether Mr. Nevarez and the members of the putative class are entitled to damages.

40. **Typicality.** The claims of the named Plaintiffs are typical of those of the class. Plaintiffs' claims are typical of the claims of the proposed class in the following ways: 1) Plaintiffs are members of the proposed classes; 2) Plaintiffs' claims arise from the same physical barriers, uniform corporate policies, procedures, practices and course of conduct on the part of Defendants; 3) Plaintiffs' claims are based on the same legal and remedial theories as those of the proposed classes and involve similar factual circumstances; 4) the injuries suffered by the named Plaintiffs are similar to the injuries suffered by the proposed class members; and 5) the relief sought herein will benefit the named Plaintiffs and all class members alike. The claims of Mr. Nevarez are typical of those of the proposed class of persons with mobility disabilities, and the claims of Ms. Nevarez are typical of those of the proposed class of companions of persons with mobility disabilities.

41. **Adequacy.** The named Plaintiffs will fairly and adequately represent the interests of

their respective classes. They have no interests adverse to the interests of other members of the proposed classes and have retained counsel who are competent and experienced in litigating complex class actions, including large-scale disability rights class action cases.

42. **Predominance.** With respect to Plaintiffs' claims under the ADA and the Unruh Act, class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact common to the class members predominate over any questions affecting only individual members of the proposed classes.

43. **Superiority.** A class action is superior to other methods for the fair and efficient adjudication of this controversy because, *inter alia*: 1) individual claims by the class members would be impracticable because the costs of pursuit of such claims would far exceed what any individual class member has at stake, 2) relatively little individual litigation has been commenced over the controversies alleged in this Complaint and individual class members are unlikely to have an interest in separately prosecuting and controlling individual actions, 3) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy, 4) the proposed classes are manageable, and no difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, 5) the proposed class members are readily identifiable from Defendants' own records, and 6) prosecution of separation actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

44. **The Class Meets the Requirements of Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted and refused to act on grounds generally applicable to the class, making the declaratory and injunctive relief sought on behalf of the class as a whole appropriate.

45. **Nature of Notice Contemplated to Proposed Classes.** Plaintiffs believe that the classes are readily ascertainable from Defendants' records. Defendants should possess the last known mailing address and/or email address of class members, and thus Plaintiffs believe that regularly mailed or emailed notice can be accomplished.

46. Without a class action, Defendants will likely retain the benefit of their wrongdoing and

will continue in their illegal course of conduct, which will result in further damages and injuries to Plaintiffs and the proposed classes.

**FIRST CLAIM: VIOLATION OF THE ADA, TITLE III**
**[42 U.S.C. §§ 12101 *et seq.*]**

47. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint, and incorporate them herein as if separately repled.

48. Mr. Nevarez is a qualified disabled person for purposes of § 12188(a) of the ADA who is being subjected to discrimination based on disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the subject facilities.

49. Ms. Nevarez seeks relief based on her association with Mr. Nevarez. She has been discriminated against and suffered injury within the meaning of the ADA as a result of being forced to assist Mr. Nevarez to overcome physical access barriers and other inaccessible features of the Hotel, as alleged herein, and denied equal access to the Hotel herself as a result.

50. Plaintiffs allege on information and belief that the Hotel was designed and constructed (or both) after January 26, 1993, thus triggering access requirements under Title III of the ADA. The ADA prohibits designing and constructing facilities for first occupancy after January 26, 1993 that are not readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1). Here, Defendants violated the ADA by designing and constructing (or both) the Hotel in a manner that did not comply with federal disability access design standards even though it was structurally practicable to do so.

51. The removal of each of the barriers complained of by Plaintiffs as herein alleged, were at all times herein mentioned "readily achievable" under the standards §§ 12181 and 12182 of the ADA. Removal of each and every one of the barriers complained of herein was also required under California law. Plaintiffs allege on information and belief that the Hotel was constructed, altered, and/or modified after January 26, 1993. Any construction, alterations, structural repairs, or additions since January 26, 1993 have independently triggered requirements for removal of barriers to access for

disabled persons per § 12183 of the ADA. If removal of any physical barrier is found to be "not readily achievable," Defendants still violated the ADA, per § 12182(b)(2)(A)(v), by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

52. The ADA requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii). Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Hotel – including, without limitation, ensuring guests who book accessible rooms are, in fact, given accessible rooms upon check-in -- when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, and accommodations to persons with mobility disabilities.

53. The ADA also requires a public accommodation to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii). Here, Defendants violated the ADA by failing to provide auxiliary aids and services as required – including, without limitation, failing to provide a shower chair for Mr. Nevarez.

54. On information and belief, as of the dates of Plaintiffs' experiences at the Hotel and the filing of this Complaint, the Hotel, its booking and check-in procedures, parking, and pedestrian right of way have denied and continue to deny full and equal access to Plaintiffs and to other mobility disabled persons and their companions in other respects, which violate Plaintiffs' rights to full and equal access and which discriminate against Mr. Nevarez on the basis of disability, thus wrongfully denying to him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. 42 U.S.C. §§ 12182 and 12183.

55. Pursuant to the ADA, 42 U.S.C. § 12188 *et seq.*, Mr. Nevarez is entitled to the remedies

and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000a-3(a), as he is being subjected to discrimination based on disability in violation of the ADA and/or has reasonable grounds for believing that he is about to be subjected to discrimination.

**SECOND CLAIM:**
**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
**[Cal. Civil Code §§ 51 *et seq.*]**

56. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in all paragraphs of this Complaint and incorporate them herein by reference as if separately repled hereafter.

57. Defendants are business establishments within the meaning of the Unruh Act. Defendants are the owners and operators of business establishments.

58. Defendants violated the Unruh Act by their acts and omissions, as follows:

   A. Failure to modify their policies and procedures as necessary to ensure Plaintiffs full and equal access to the accommodations, advantages, facilities, privileges, or services at the Hotel;

   B. Failure to construct and/or alter the Hotel in compliance with state building code and state architectural requirements;

   C. Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

59. Plaintiffs and other similarly situated persons with mobility disabilities and their companions are unable to use public facilities on a full and equal basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 *et seq*. Plaintiffs are members of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 *et seq*.

60. On information and belief, the provisions of both California Health and Safety Code §§ 19955 and 19955.5, apply to the Hotel. Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of construction and alterations which, on information and belief, occurred at such public facility decades after January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair

or addition" was carried out. On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period since Title 24 has been in effect. By failing to comply with Health and Safety Code §§ 19955 and 19955.5 and with the requirements of Title 24 as set forth in the California Building Code, Defendants have denied full and equal access to the Hotel for individuals with mobility disabilities, in violation of the Unruh Act.

61. Plaintiffs have experienced numerous barriers to access at the Hotel and its related facilities, all of which have caused them major difficulty, discomfort, and embarrassment. The named Plaintiffs suffered physically and emotionally as a result.

62. On information and belief, the access features of the Hotel have not been improved since Plaintiffs' visit to the Hotel.

63. Further, on information and belief, the Hotel and its premises are also illegally inaccessible in multiple other respects. The barriers to access described in this Complaint are listed without prejudice to Plaintiffs citing additional barriers to access after inspection by their access expert(s), per *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) and *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (*en banc*).

64. These barriers to access render the Hotel and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiffs pray leave to amend this Complaint, if necessary, to obtain full injunctive relief as to those barriers that limit or deny full and equal access to persons with similar mobility disabilities.

65. Each violation of the ADA constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 52(a).

66. With respect to Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: prior to the construction of or alteration to the Hotel, they were aware of and/or were made aware of their duties to refrain from establishing or creating discriminatory policies and barriers that prevent persons with mobility disabilities from

obtaining full and equal access to the Hotel and its accommodations. Additionally, Plaintiffs complained to Defendants to rectify their discriminatory policies and inaccessible facilities to no avail. Accordingly, Defendants have engaged in willful affirmative misconduct in violating the Unruh Act.

67. Plaintiffs' injuries are ongoing and will continue so long as Defendants do not modify their policies and procedures and provide fully-accessible facilities for Mr. Nevarez and other persons with mobility disabilities.

68. Defendants have continued their illegal and discriminatory policies and practices despite actual knowledge that people with mobility disabilities, including Mr. Nevarez, and companions of those with mobility disabilities like Ms. Nevarez, attempt to patronize the Hotel and encounter illegal barriers that limit or deny full and equal access when they do so. Although Plaintiffs have complained to several different Hotel employees (including to managerial employees of Defendants) about the lack of accessible Hotel facilities, on information and belief, no access improvements were made as a result of complaints made by Plaintiffs.

69. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that the barriers, policies, and practices at the Hotel violated disabled access requirements and standards, and discriminated against Plaintiffs and upon other persons with mobility disabilities and their companions. But Defendants have failed to rectify the violations, and presently continue a course of conduct in maintaining policies, practices, and physical access barriers that discriminate against Plaintiffs and similarly-situated disabled persons and their companions.

## **PRAYER FOR RELIEF**

1. Plaintiffs have no adequate remedy at law to redress the ongoing and future wrongs suffered as set forth in this Complaint. Plaintiffs have suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiffs are granted the relief they request. Plaintiffs and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiffs request a declaratory judgment that Defendants' actions, omissions, and

failures violate the law, including but limited to: failing to construct and/or alter the Hotel and its premises in compliance with applicable federal and state access regulations/codes/requirements, failing to remove access barriers where "readily achievable," failing to make reasonable modifications in policy and practice for Plaintiffs and other similarly-situated disabled persons and their companions, and failing to provide auxiliary aids and services.

3. Plaintiffs request that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with it:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable modifications in policies and practices -- including without limitation, booking and check-in policies -- for persons with mobility disabilities to ensure access to all goods, services, facilities, or accommodations at the Hotel;

    c. To provide auxiliary aids and services to persons with mobility disabilities to ensure access to all goods, services, facilities, or accommodations at the Hotel;

    d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including removal of all barriers that violate applicable federal and state access regulations, codes, and requirements;

    e. To maintain such accessible facilities once they are provided;

    f. To train Defendants' employees and agents on how to accommodate the rights and needs of mobility disabled persons; and,

    g. To implement nondiscrimination protocols, policies, and practices to ensure full and equal access for persons with mobility disabilities.

4. Plaintiffs request that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5. Plaintiffs request statutory damages for all Damages Class members in accordance with California Civil Code § 52(a);

6. Plaintiffs request all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; the Unruh Act, Cal. Civil Code § 52; and "public interest" attorney fees pursuant to the provisions of California Code of Civil Procedure § 1021.5.

7. Plaintiffs request prejudgment interest pursuant to California Civil Code § 3291;

8. Plaintiffs request such other and further relief as this Court may deem just and proper.

Dated: December 23, 2020     PEIFFER WOLF CARR KANE & CONWAY

                  /s/ Catherine Cabalo
BY:    CATHERINE CABALO
         ADAM WOLF

Adam B. Wolf (SBN 215914)
awolf@pwcklegal.com
PEIFFER WOLF CARR KANE & CONWAY
5042 Wilshire Blvd., No. 304
Los Angeles, CA 90036
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@pwcklegal.com

Catherine Cabalo (SBN 248198)
ccabalo@pwcklegal.com
PEIFFER WOLF CARR KANE & CONWAY
4 Embarcadero Center, 14th Floor
San Francisco, CA 94104
Tel:   (415) 766-3592
Fax:  (415) 402-0058

Attorneys for Plaintiffs and the Proposed Classes

## DEMAND FOR JURY

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: December 23, 2020

PEIFFER WOLF CARR KANE & CONWAY

BY:    /s/ *Catherine Cabalo*
      CATHERINE CABALO
      ADAM WOLF

Adam B. Wolf (SBN 215914)
PEIFFER WOLF CARR KANE & CONWAY
5042 Wilshire Blvd., No. 304
Los Angeles, CA 90036
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com

Catherine Cabalo (SBN 248198)

PEIFFER WOLF CARR KANE & CONWAY
4 Embarcadero Center, 14th Floor
San Francisco, CA 94104
Tel:   (415) 766-3592
Fax:  (415) 402-0058
ccabalo@peifferwolf.com

Attorneys for Plaintiffs and the Proposed Classes